UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMITY PARTNERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WOODBRIDGE ASSOCIATES, LIMITED ) <br> PARTNERSHIP, MONQIDH M. ) <br> AL-SAWWAF, M.D., and WOODBRIDGE ) <br> ASSOCIATES, INC. ) <br> ) <br> Defendants. ) <br> ) | Case No.: 12-cv-00652 (CSH) <br><br><br><br><br><br><br><br><br><br> FEBRUARY 14, 2013 |

### SIXTH MOTION, ON CONSENT, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND

Pursuant to L. R. Civ. P. 7(b), Defendants Woodbridge Associates, Limited Partnership and Monqidh M. Al-Sawwaf, M.D. ("the Moving Defendants") respectfully move for a sixth extension of time to file a response to Amity Partners' Motion to Remand this action to state court, based on the following:

1. The sole basis for Amity Partners' remand motion is the citizenship of Betty Weissman, one of the general partners of Amity Partners.

2. On June 29, 2012, the Moving Defendants served a document request for production of documents by Mrs. Weissman concerning her citizenship.

3. By letter dated August 29, 2012, counsel for Amity Partners, Kenneth A. Votre, Esq., stated his objection to many of the document requests, and proposed a limited disclosure of documents.

1

4.  By letter dated September 21, 2012, counsel for the Moving Defendants proposed a compromise, requiring disclosure of more documents than Mr. Votre offered, but fewer documents than in the Moving Defendants' document requests.

5.  On October 8, 2012, Mr. Votre and the undersigned, representing the Moving Defendants, conducted a lengthy telephone conference, in which counsel for these parties were able to resolve disputes pertaining to Mrs. Weissman's production of documents.

6.  Mrs. Weissman is elderly. It will take her time to locate and produce the documents that she, through counsel, has agreed to produce. Mr. Votre has committed to produce those documents.

7.  On December 7, 2012, Mr. Votre advised the undersigned that he had just received documents responsive to at least some of the document requests to which he had not objected.

8.  On January 7, 2013, the undersigned sent Mr. Votre an email message, reminding him that he had not yet produced any of the documents he agreed to produce and advising him that, as a result, another extension of time *may be* required.

9.  On January 22, 2013, the undersigned sent Mr. Votre another email message, having not received a response from him to the January 7, 2013 email, reminding Mr. Votre that he had not yet produced any documents as agreed, and advising him that another extension of time *will be* required.

10. By letter dated February 6, 2013, and received February 13, 2013 (after a major snowstorm), Mr. Votre provided some, but not all, of the documents he agreed to produce, indicating that Mrs. Weissman was limited in the documents she could locate.

11. Some of the documents Mr. Votre produced reveal that Mrs. Weissman, who claims to be a United States citizen residing in Canada, and not a citizen of any of the states in the United States for diversity of citizenship purposes, as recently as December, 2010, was treated in Miami Beach, Florida, by an ophthalmologist (Thomas Weiss, MD), and that she owns residential property in Miami Beach, Florida (4747 Collins Avenue, Apt. 212, Miami Beach, FL 33140), for which she has an insurance policy with Universal Property and Casualty Insurance Company that is in effect through at least January 15, 2013. Another document reveals that Mrs. Weissman's "Medicare Summary Notice" is addressed to her at her Miami Beach apartment. These documents raise issues regarding Mrs. Weissman's citizenship pertinent to the jurisdictional issues Amity Partners raised in filing its motion for remand.

12. To accommodate Mrs. Weissman, counsel for the Moving Defendants will take her deposition in Montreal.

13. It is expected that her deposition will be taken within the next two months.

14. Counsel for the Moving Defendants must review the transcript of her deposition before drafting a memorandum opposing the remand motion.

15. Based on the foregoing, on February 13, 2013, counsel for Amity Partners and counsel for the Moving Defendants agreed, subject to the Court's approval, to an extension of time from February 18, 2013 to April 15, 2013 for filing a memo opposing the motion to remand.

Accordingly, the Moving Defendants move for an extension of time from February 13, 2013, to April 15, 2013, for them to file their memo in opposition to the motion for remand.

3

This is the sixth motion of the Moving Defendants regarding the deadline that is the subject of this motion.

Respectfully submitted:

/s/ Stewart I. Edelstein
Stewart I. Edelstein (ct06021)
sedelstein@cohenandwolf.com
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601
Telephone: (203) 337-4144
Facsimile: (203) 394-9901

Counsel for Defendants, Woodbridge Associates, Limited Partnership and Monqidh Al-Sawwaf

## CERTIFICATION OF SERVICE

I hereby certify that on February 14, 2013, a copy of the foregoing was filed electronically. Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing. Parties may access the foregoing filings and this Certification of Service through the Court's system.

In addition, the foregoing was mailed on the above date to the following parties in the Connecticut Superior Court action:

Kenneth Votre, Esq.
Votre & Associates, PC
8 Frontage Road
East Haven, CT 06512

Attorney for Plaintiff, Amity Partners

Woodbridge Associates, Inc.
c/o Secretary
80 Business Park Drive, Ste.104
Armonk, NY  10504

Defendant

/s/ Stewart I. Edelstein
Stewart I. Edelstein