UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMITY PARTNERS, | ) | Case No.: 12-cv-00652 (CSH) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WOODBRIDGE ASSOCIATES, LIMITED PARTNERSHIP, MONQIDH M. AL-SAWWAF, M.D., and WOODBRIDGE ASSOCIATES, INC. | ) ) ) ) | |
| | ) | |
| Defendants. | ) | APRIL 11, 2013 |
| _____ | ) | |

**RULE 37 MOTION OF DEFENDANTS WOODBRIDGE ASSOCIATES, LIMITED PARTNERSHIP AND MONQIDH M. AL-SAWWAF, M.D.**

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), Fed. R. Civ. P. 37(d) and L. Civ. R. 37, Defendants Woodbridge Associates, Limited Partnership and Monqidh M. Al-Sawwaf, M.D. (the "Moving Defendants") respectfully move for orders and sanctions against Plaintiff Amity Partners. After being properly served with a document request pursuant to Fed. R. Civ. P. 34 in June, 2012 *more than nine months ago*, Amity Partners has failed to provide any response as required by Fed. R. Civ. P. 34(b)(2). This motion is based on the following:

1. The sole basis for Amity Partners' remand motion is the citizenship of Betty Weissman, one of the general partners of Amity Partners.

2. On June 29, 2012, the Moving Defendants served a document request for production of documents by Mrs. Weissman concerning her citizenship. A copy of that document request is attached hereto and made a part hereof as Exhibit 1.

3.   By letter dated August 29, 2012, counsel for Amity Partners, Kenneth A. Votre, Esq., stated his objection to many of the document requests, and proposed a limited disclosure of documents.

4.   By letter dated September 21, 2012, counsel for the Moving Defendants proposed a compromise, requiring disclosure of more documents than Mr. Votre offered, but fewer documents than in the Moving Defendants' document requests.

5.   On October 8, 2012, Mr. Votre and the undersigned, representing the Moving Defendants, conducted a lengthy telephone conference, in which counsel for these parties were able to resolve disputes pertaining to Mrs. Weissman's production of documents.  That resolution was memorialized in a letter dated October 11, 2012, a copy of which is attached hereto and made a part hereof as Exhibit 2.

6.   On December 7, 2012, Mr. Votre advised the undersigned that he had just received documents responsive to at least some of the document requests to which he had not objected.

7.   On January 7, 2013, the undersigned sent Mr. Votre an email message, reminding him that he had not yet produced any of the documents he agreed to produce and advising him that, as a result, another extension of time *may be* required.

8.   On January 22, 2013, the undersigned sent Mr. Votre another email message, having not received a response from him to the January 7, 2013 email, reminding Mr. Votre that he had not yet produced any documents as agreed, and advising him that another extension of time *will be* required.

9.   By letter dated February 6, 2013, and received February 13, 2013 (after a major snowstorm), Mr. Votre informally, but not in compliance with Fed. R. Civ. P.

34(b)(2), provided some, but not all, of the documents he agreed to produce, indicating that Mrs. Weissman was limited in the documents she could locate.

10. Some of the documents Mr. Votre produced reveal that Mrs. Weissman, who claims to be a United States citizen residing in Canada, and not a citizen of any of the states in the United States for diversity of citizenship purposes, as recently as December, 2010, was treated in Miami Beach, Florida, by an ophthalmologist (Thomas Weiss, MD), and that she owns residential property in Miami Beach, Florida (4747 Collins Avenue, Apt. 212, Miami Beach, FL 33140), for which she has an insurance policy with Universal Property and Casualty Insurance Company that is in effect through at least January 15, 2013.  Another document reveals that Mrs. Weissman's "Medicare Summary Notice" is addressed to her at her Miami Beach apartment.  These documents raise issues regarding Mrs. Weissman's citizenship pertinent to the jurisdictional issues Amity Partners raised in filing its motion for remand.

11. Based on the foregoing failure of Amity Partners to comply with the requirements of Fed. R. Civ. P. 34(b)(2) *for over nine months*, Counsel for the Moving Parties was required to file seven motions for extension of time to respond to Amity Partners' motion for remand, on May 29, 2012 (Docket #9), June 28, 2012 (Docket #14), August 23, 2012 (Docket #18), October 25, 2012 (Docket #20), December 12, 2012 (Docket #22), February 14, 2013 (Docket #24), and April 10, 2013 (now pending). The Court granted all those motions, except the April 10, 2013 motion, on which the court has not yet ruled.

12. On March 15, 2013, Counsel for the Moving Parties advised Counsel for Amity Partners that, in light of his failure to comply with the requirements of Rule

34(b)(2) as to the long-pending document requests, it was necessary to have a Rule 37 conference.

13. On March 18, 2013, both counsel had the Rule 37 conference mandated by Fed. R. Civ. P. 37(d)(1)(B) and L. Civ. R. 37(a), discussing the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution, and in an attempt to obtain the documents subject to the document request without court action.

14. By letter dated March 28, 2013, a copy of which is attached hereto as Exhibit 3, Counsel for the Moving Parties confirmed the March 18, 2013 conversation, and informed Counsel for Amity Partners that "unless you comply with Fed. R. Civ. P. 34(b)(2) regarding this long-outstanding document request by April 5, 2013, you leave me no choice but to file a Rule 37 motion."

15. In that same letter, Counsel for the Moving Parties advised Counsel for Amity Partners that "your continued failure to comply with Fed. R. Civ. P. 34(b)(2) requires me to file yet another motion for extension of time to file a memorandum in opposition to your motion for remand.  Before the present deadline of April 15, 2013, I will file that motion.  I will seek an extension until May 31, 2013.  Pursuant to Local Rule 7(b), let me know if you consent or object.  Under the circumstances, you should consent."

16. Counsel for Amity Partners has not responded to that March 28, 2013 letter, despite the passage of two weeks.

17. To date, Counsel for Amity Partners has failed to comply with Fed. R. Civ. P. 34(b)(2) as to the Moving Defendants' June 29, 2012 document request.

Wherefore, the Moving Defendants respectfully move for

1. Orders and sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), as provided in Fed. R. Civ. P. 37(d)(1)(A)(3), including, in order of preference:

   a. an order dismissing this action;
   b. an order rendering default judgment against Amity Partners;
   c. a finding that this court has diversity jurisdiction;
   d. an order striking Amity Partners' motion for remand;
   e. an order prohibiting Amity Partners from pursuing its motion for remand; or
   f. an order pursuant to Fed. R. Civ. P. 37(a)(3)(B) compelling responses to the Moving Defendants' document requests, as made more specific in attached Exhibit 2.

2. Payment of the Moving Defendants' reasonable attorney's fees, as provided in Fed. R. Civ. P. 37(a)(5)(A) if the Court grants this motion.

In accordance with L. Civ. R. 37(a), filed herewith is the affidavit of the undersigned, and in accordance with L. Civ. R. 37(b), filed herewith is a memorandum in support of this motion.

Respectfully submitted:

/s/ Stewart I. Edelstein
Stewart I. Edelstein (ct06021)
sedelstein@cohenandwolf.com
1115 Broad Street
P.O. Box 1821
Bridgeport, CT  06601
Telephone: (203) 337-4144
Facsimile: (203) 394-9901


Counsel for Defendants, Woodbridge Associates, Limited Partnership and Monqidh Al-Sawwaf

**CERTIFICATION OF SERVICE**

I hereby certify that on April 11, 2013, a copy of the foregoing was filed electronically. Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing. Parties may access the foregoing filings and this Certification of Service through the Court's system.

In addition, the foregoing was mailed on the above date to the following parties in the Connecticut Superior Court action:

Kenneth Votre, Esq.
Votre & Associates, PC
8 Frontage Road
East Haven, CT 06512

Attorney for Plaintiff, Amity Partners

Woodbridge Associates, Inc.
c/o Secretary
80 Business Park Drive, Ste.104
Armonk, NY  10504

Defendant

             /s/ Stewart I. Edelstein
             Stewart I. Edelstein