## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMITY PARTNERS, | ) | Case No.: 12-cv-00652 (CSH) |
| Plaintiff, | ) | |
| vs. | ) | |
| WOODBRIDGE ASSOCIATES, LIMITED PARTNERSHIP, MONQIDH M. AL-SAWWAF, M.D., and WOODBRIDGE ASSOCIATES, INC. | ) | |
| Defendants. | ) | APRIL 11, 2013 |

## AFFIDAVIT PURSUANT TO L. CIV. R. 37(a)
## IN SUPPORT OF RULE 37 MOTION

Stewart I. Edelstein, having been duly sworn, hereby deposes and says:

1.    I am over the age of eighteen and believe in the obligations of an oath.

2.    The facts set forth herein are based on my personal knowledge.

3.    This affidavit is in support of the Rule 37 motion of Defendants Woodbridge Associates, Limited Partnership and Monqidh M. Al-Sawwaf, M.D.

4.    I am appearing counsel for Defendants Woodbridge Associates, Limited Partnership and Monqidh M. Al-Sawwaf, M.D. in this case.

5.    The sole basis for Amity Partners' remand motion is the citizenship of Betty Weissman, one of the general partners of Amity Partners.

6.    On June 29, 2012, I served a document request for production of documents by Mrs. Weissman concerning her citizenship. A copy of that document request is attached hereto and made a part hereof as Exhibit 1.

7.     By letter dated August 29, 2012, counsel for Amity Partners, Kenneth A. Votre, Esq., stated his objection to many of the document requests, and proposed a limited disclosure of documents.

8.     By letter dated September 21, 2012, I proposed a compromise, requiring disclosure of more documents than Mr. Votre offered, but fewer documents than in the Moving Defendants' document requests.

9.     On October 8, 2012, Mr. Votre and I, representing the Moving Defendants, conducted a lengthy telephone conference, in which we were able to resolve disputes pertaining to Mrs. Weissman's production of documents.  That resolution was memorialized in my letter dated October 11, 2012, to Mr. Votre, a copy of which is attached hereto and made a part hereof as Exhibit 2.

10.    On December 7, 2012, Mr. Votre advised me that he had just received documents responsive to at least some of the document requests to which he had not objected.

11.    On January 7, 2013, I sent Mr. Votre an email message, reminding him that he had not yet produced any of the documents he agreed to produce and advising him that, as a result, another extension of time *may be* required.

12.    On January 22, 2013, I sent Mr. Votre another email message, having not received a response from him to the January 7, 2013 email, reminding Mr. Votre that he had not yet produced any documents as agreed, and advising him that another extension of time *will be* required.

13.    By letter dated February 6, 2013, and received February 13, 2013 (after a major snowstorm), Mr. Votre informally, but not in compliance with Fed. R. Civ. P.

34(b)(2), provided some, but not all, of the documents he agreed to produce, indicating that Mrs. Weissman was limited in the documents she could locate.

14.     Some of the documents Mr. Votre produced reveal that Mrs. Weissman, who claims to be a United States citizen residing in Canada, and not a citizen of any of the states in the United States for diversity of citizenship purposes, as recently as December, 2010, was treated in Miami Beach, Florida, by an ophthalmologist (Thomas Weiss, MD), and that she owns residential property in Miami Beach, Florida (4747 Collins Avenue, Apt. 212, Miami Beach, FL 33140), for which she has an insurance policy with Universal Property and Casualty Insurance Company that is in effect through at least January 15, 2013.   Another document reveals that Mrs. Weissman's "Medicare Summary Notice" is addressed to her at her Miami Beach apartment.  These documents raise issues regarding Mrs. Weissman's citizenship pertinent to the jurisdictional issues Amity Partners raised in filing its motion for remand.

14.     Based on the foregoing failure of Amity Partners to comply with the requirements of Fed. R. Civ. P. 34(b)(2) for over nine months, I was required to file seven motions for extension of time to respond to Amity Partners' motion for remand, on May 29, 2012 (Docket #9), June 28, 2012 (Docket #14), August 23, 2012 (Docket #18), October 25, 2012 (Docket #20), December 12, 2012 (Docket #22), February 14, 2013 (Docket #24), and April 10, 2013 (now pending).  The Court granted all those motions, except the April 10, 2013 motion, on which the court has not yet ruled.

15.     On March 15, 2013, I advised Mr. Votre that, in light of his failure to comply with the requirements of Rule 34(b)(2) as to the long-pending document requests, it was necessary to have a Rule 37 conference.

16.     On March 18, 2013, I had the Rule 37 conference mandated by Fed. R. Civ. P. 37(d)(1)(B) and L. Civ. R. 37(a) with Mr. Votre, discussing the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution, and in an attempt to obtain the documents subject to the document request without court action.

17.     By letter dated March 28, 2013, a copy of which is attached hereto as Exhibit 3, I confirmed the March 18, 2013 conversation, and informed Mr. Votre that "unless you comply with Fed. R. Civ. P. 34(b)(2) regarding this long-outstanding document request by April 5, 2013, you leave me no choice but to file a Rule 37 motion."

18.     In that same letter, I advised Mr. Votre that "your continued failure to comply with Fed. R. Civ. P. 34(b)(2) requires me to file yet another motion for extension of time to file a memorandum in opposition to your motion for remand. Before the present deadline of April 15, 2013, I will file that motion. I will seek an extension until May 31, 2013. Pursuant to Local Rule 7(b), let me know if you consent or object. Under the circumstances, you should consent."

19.     Mr. Votre has not responded to that March 28, 2013 letter, despite the passage of two weeks.

17.     To date, Mr. Votre has failed to comply with Fed. R. Civ. P. 34(b)(2) as to the Moving Defendants' June 29, 2012 document request.

Stewart I. Edelstein

Subscribed and sworn to before me, this 11th day of April, 2013.

My Commission Expires:

**JUDITH A. SWARBRICK**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES AUG. 31, 2015

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMITY PARTNERS, | ) | Case No.: 12-cv-00652 (CSH) |
| Plaintiff, | ) | |
| vs. | ) | |
| WOODBRIDGE ASSOCIATES, LIMITED PARTNERSHIP, MONQIDH M. AL-SAWWAF, M.D., and WOODBRIDGE ASSOCIATES, INC. | ) | |
| Defendants. | ) | June 29, 2012 |

### DEFENDANTS' WOODBRIDGE ASSOCIATES, LIMITED PARTNERSHIP AND MONQIDH M. AL-SAWWAF, M.D. REQUEST FOR PRODUCTION OF DOCUMENTS

In accordance with, *inter alia*, Rule 34 of the Federal Rules of Civil Procedure and the definitions and instructions that follow, defendants, Woodbridge Associates, Limited Partnership and Monqidh M. Al-Sawwaf, M.D. hereby require Betty Weissman, a general partner of plaintiff Amity Partners in the above-captioned action to produce for inspection and copying the documents responsive to this Defendants' Request for Production of Documents, by delivering said documents (or copies thereof) to counsel for Woodbridge Associates, Limited Partnership and Monqidh M. Al-Sawwaf, M.D., Stewart I. Edelstein, Esq., Cohen and Wolf, P.C., 1115 Broad Street, Bridgeport, Connecticut, for inspection and copying.

WOODBRIDGE ASSOCIATES,
LIMITED PARTNERSHIP and
MONQIDH M. AL-SAWWAF, M.D.

By: _____
Stewart I. Edelstein (ct06021)
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601
Telephone: (203) 337-4144
Fax: (203) 394-9901

## SCHEDULE A

### INSTRUCTIONS

A.     Each request for documents seeks production of **copies** of documents in their entirety, without redaction, abbreviation or expurgation, including all attachments and/or other matter affixed thereto, and including all existing drafts of any such documents.

B.     The term "document" is used in the broadest sense consistent with Fed. R. Civ. P. 34 and includes, without limitation, the original and all copies of the following items, whether printed, written, contained in a computer storage device such as a floppy disk or computer memory, and whether produced by and/or reproduced by any process, namely: printed matter, notes, correspondence, internal company communications, letters, telegrams, cables, facsimiles, ledgers, calendars, diaries, books, statements, memoranda, summaries or records of conversations, minutes or records of meetings, reports, records, market surveys, market research, tabulations, contracts, invoices, receipts, vouchers, charges, labels, artwork, mockup labels, films, video tapes, photos, boards, drawings, graphs, photographs, microfilms, tape recordings, reports and/or summaries of interviews or investigations, opinions or reports of consultants, promotional literature, trade letters, press releases, drafts of documents and revisions of drafts of documents, notes or comments on or appended to requested documents, and other written or recorded material now or formerly in the possession, custody or control of Betty Weissman.

C.     Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of the Request responses that might otherwise be construed to be outside of its scope.

2

D.    Whenever the word "concerning" is used, it means relating to, describing, evidencing, or constituting.

E.    If any document responsive to the following Requests is withheld or not produced on the basis of a claim of privilege, you shall provide Defendants with a list containing the following information for each of the documents:

(i)     the type of document, and, if electronically stored information, the software application used to create it;

(ii)    the author(s) and/or preparer(s) of the document, addressee and any other recipient, and where not apparent, the relationship between the author(s), addressee and recipients;

(iii)   a brief description of the document;

(iv)    the subject matter of the document;

(v)     the names of people to whom copies of the document were distributed;

(vi)    the nature of the privilege which is being claimed, and if the privilege is being asserted as to a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(vii)   the number of the Request under which the document would otherwise be produced.

If it is claimed that only part of the document is privileged or otherwise need not be produced, please produce the remaining part of the document.

F.    If any document requested has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing:

(i)     the date, name and subject matter of the document;

3

(ii)    the name, employment and title of each person who prepared, received, reviewed or had custody, possession or control of the document;

(iii)    the previous location of the document;

(iv)    the reason for disposal or transfer of the document;

(v)    the manner of disposal of the document; and

(vi)    the names and addresses of the transferee of the document.

G.    These Requests are intended to be continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS

1.      All documents concerning your current state(s) of residence.

2.      All documents concerning the current residence(s) of your immediate family members ("immediate" means children and grandchildren).

3.      All documents concerning your legal or beneficial separate or joint ownership or rental of properties, including, but not limited to, leases, titles, share certificates, mortgages, and/or loan applications.

4.      A copy of the insurance policies covering any real and personal property owned by you separately or jointly.

5.      Any voting registration forms you have filed and any voting notifications or voting cards you have received in the United States or Canada.

6.      Any absentee ballots you have cast in the United States or Canada and any applications for absentee ballots you have submitted in the United States or Canada.

7.      Any Medicare card issued to you; a copy of any application form you have completed for Medicare coverage; all correspondence with Medicare authorities; and any application you have submitted for payment of benefits.

8.      All documents concerning your receipt of 1) social security checks, 2) Medicare checks, 3) dividend checks, 4) distributions of principal and interest, and, for each payment, where you have deposited them.

9.      All of your driving licenses during the last 10 years.

10.     Your 3 most recent passports.

11.     Your current résumé.

5

12.	All library cards that have been issued to you or, as applicable, to your husband.

13.	All museum membership or admission cards that have been issued to you or, as applicable, to your husband (no limitation of time applied to this request as museums often grant lifetime benefits).

14.	All documents concerning to the location of 1) personal bank or investment accounts in the United States for which you or your husband are stated, legal or beneficial interest holders, and 2) business bank accounts for which you or, as applicable, to your husband have signing authority.

15.	All separate or joint credit card or debit card statements issued in the last 10 years.

16.	Your Last Will & Testament and/or any other instrument you have executed separately or jointly containing testamentary provisions.

17.	Any automobile registrations you or, as applicable, your husband have obtained in the last 10 years.

18.	Any professional and other licenses or permits you have obtained.

19.	All separate or joint tax returns, Forms 1099, Forms K-1 and notices you or, as applicable, your husband has filed or received from the Internal Revenue Service, any state (U.S.) or city (U.S.) or other U.S. based taxing authority, or any Canada based taxing authority, in the last 4 years.

6

20.     All separate or joint tax returns, Forms 1099, Forms K-1, and notices you, or as applicable, your husband has filed or received from the Internal Revenue Service, any state (U.S.), city (U.S.) or other U.S. based taxing authority, or any Canada based taxing authority, regarding the notes (including payments thereon or in connection therewith) that are the subject of this legal action.

21.     All bills for personal or business usage of any telephone or telephone-like device, including, but not limited to, rotary phones, mobile phones, smartphones, personal digital assistants, iPhones, iPads or Blackberrys in the last 3 years.

22.     All bills for personal or business use of utilities in the last 3 years.

23.     All documents concerning your membership to a synagogue, religious group, community group or senior center.

24.     Your health insurance statements during the last 3 years.

25.     All statements for the last 3 years from any mileage rewards program you or, as applicable, your husband are enrolled in (*i.e.*, frequent flyer rewards, credit card miles reward programs etc.).

26.     All documents concerning your separate or joint use of a device enabling access to fast lane toll booths, such as E-ZPass, during the last 3 years.

27.     All documents concerning the names and addresses of your doctor(s), attorney(s) and/or accountant(s).

28.     All documents concerning the names and addresses of any rehabilitation centers or physical therapy centers in which you have been a patient or attendee.

29.     All documents concerning the names and addresses of any agents you have designated to act on your behalf for any purpose whatsoever during any portion or entirety of the last 5 years.

7

30.     All documents concerning the names and addresses of the pharmacies you have utilized in the last 3 years.

# EXHIBIT 2



**STEWART I. EDELSTEIN**

PLEASE REPLY TO: <u>Bridgeport</u>
WRITER'S DIRECT DIAL: <u>(203) 337-4144</u>
E-Mail Address:  sedelstein@cohenandwolf.com

October 11, 2012

Via Email
Via Regular Mail

Kenneth A. Votre, Esq.
Votre & Associates, P.C.
8 Frontage Road
East Haven, Connecticut  06512

   Re: **Amity Partners v. Woodbridge Associates, Limited Partnership, et al.**
     **Case No.: 12-cv-00652 (CSH)**
Dear Ken,

  This confirms your conversation with Tony Costantini and me on October 8, 2012, resolving issues pertaining to my document requests in the above-captioned case. Specifically, we discussed my letter to you dated September 21, 2012, as follows, the numbers below the same as the numbers in that letter to you.  I note below changes in the document requests, as we agreed, indicated by **"REVISION."**

  This also confirms that you will produce all the documents as agreed by November 2, 2012, and that you agree to an extension until January 4, 2013 for me to file a memorandum in opposition to your motion for remand. This extension is based on my completing Mrs. Weissman's deposition by mid-December.  To accommodate Mrs. Weissman, I will take her deposition in Montreal.

<u>**REQUESTS**</u>

1. All documents concerning your current state(s) of residence.

2. All documents concerning the current residence(s) of your immediate family members ("immediate" means children and grandchildren).

1115 BROAD STREET
P.O. BOX 1821
BRIDGEPORT, CT 06601-1821
TEL: (203) 368-0211
FAX: (203) 394-9901

158 DEER HILL AVENUE
DANBURY, CT 06810
TEL: (203) 792-2771
FAX: (203) 791-8149

320 POST ROAD WEST
WESTPORT, CT 06880
TEL: (203) 222-1034
FAX: (203) 227-1373

657 ORANGE CENTER ROAD
ORANGE, CT 06477
TEL: (203) 298-4066
FAX: (203) 298-4068



October 11, 2012
Page 2

3.     All documents concerning your legal or beneficial separate or joint ownership or rental of properties, including, but not limited to, leases, titles, share certificates, mortgages, and/or loan applications.

4.     A copy of the insurance policies covering any real and personal property owned by you separately or jointly.

**COMMENT**: *Limit to pages of insurance policies concerning location of the real and personal property.*

5.     Any voting registration forms you have filed and any voting notifications or voting cards you have received in the United States or Canada.

**COMMENT**: *Limit to period of seven years.*

6.     Any absentee ballots you have cast in the United States or Canada and any applications for absentee ballots you have submitted in the United States or Canada.

**COMMENT**: *Limit to period of seven years.*

7.     Any Medicare card issued to you; a copy of any application form you have completed for Medicare coverage; all correspondence with Medicare authorities; and any application you have submitted for payment of benefits.

**COMMENT**: *Limit to period of seven years.*

8.     All documents concerning your receipt of 1) social security checks, 2) Medicare checks, 3) dividend checks, 4) distributions of principal and interest, and, for each payment, where you have deposited them.



October 11, 2012
Page 3

**COMMENT**: *Limit to period of seven years.*

9.    All of your driving licenses during the last 10 years.

**COMMENT**: *Limit to period of seven years.*

10.    Your 3 most recent passports.

**REVISION**: *Your current passport and any prior passport that expired within the past five years.*

11.    Your current résumé.

**COMMENT**: *Withdrawn.*

12.    All library cards that have been issued to you or, as applicable, to your husband.

**COMMENT**: *Limit to period of seven years.*

**REVISION**: *You may limit to the period of five years.*

13.    All museum membership or admission cards that have been issued to you or, as applicable, to your husband (no limitation of time applied to this request as museums often grant lifetime benefits).

**COMMENT**: *Limit to period of seven years.*

**REVISION**: *You may limit to the period to five years.*

14.    All documents concerning the location of 1) personal bank or investment accounts in the United States for which you or your husband are stated, legal or beneficial interest holders, and 2) business bank accounts for which you or, as applicable, your husband have signing authority.



October 11, 2012
Page 4

**COMMENT**: *Limit to period of seven years.*

**REVISION**: *You may limit the period to five years. You will produce one statement per year, and any statement that indicates any change of address for Mrs. Weissman.*

15.    All separate or joint credit card or debit card statements issued in the last 10 years.

**COMMENT**: *Limit to period of seven years, and redact dollar amounts; also redact identities of merchants, subject to further discussion.*

**REVISION**: *You may limit the period to five years, disclosing geographic information.*

16.    Your Last Will & Testament and/or any other instrument you have executed separately or jointly containing testamentary provisions.

**COMMENT**: *Redact dispositive provisions to exclude amounts and descriptions of specific bequests but not the identities of recipients, or reference to any entities.*

**REVISION**: *You will produce all words of these documents that make any reference to geography, including, for example, location of individuals and entities, location of assets, choice of law, and choice of forum in the event of disputes.*

17.    Any automobile registrations you or, as applicable, your husband have obtained in the last 10 years.

**COMMENT**: *Limit to period of seven years.*

**REVISION**: *You may limit the period to five years.*

18.    Any professional and other licenses or permits you have obtained.



October 11, 2012
Page 5

**COMMENT**: *Limit to period of seven years.*

**REVISION**: *You may limit the period to five years.*

19.    All separate or joint tax returns, Forms 1099, Forms K-1 and notices you or, as applicable, your husband has filed or received from the Internal Revenue Service, any state (U.S.) or city (U.S.) or other U.S. based taxing authority, or any Canada based taxing authority, in the last 4 years.

**COMMENT**: *Redact dollar amounts.*

**REVISION**:   *You will disclose Mrs. Weissman's address as shown on these documents.  If these documents make any geographic reference, we will discuss your disclosure of geographic information, including, but not limited to, the branch office location of any brokerage or bank where Mrs. Weissman has had any accounts over the last 4 years.*

20.    All separate or joint tax returns, Forms 1099, Forms K-1, and notices you, or as applicable, your husband has filed or received from the Internal Revenue Service, any state (U.S.), city (U.S.) or other U.S. based taxing authority, or any Canada based taxing authority, regarding the notes (including payments thereon or in connection therewith) that are the subject of this legal action.

**COMMENT**: *Withdrawn, except to the extent subsumed within #19.*

**REVISION**: *You will disclose Mrs. Weissman's address as shown on these documents.*



October 11, 2012
Page 6

21.   All bills for personal or business usage of any telephone or telephone-like device, including, but not limited to, rotary phones, mobile phones, smartphones, personal digital assistants, iPhones, iPads or Blackberrys in the last 3 years.

22.   All bills for personal or business use of utilities in the last 3 years.

23.   All documents concerning your membership to a synagogue, religious group, community group or senior center.

**COMMENT**: *Limit to period of seven years.*

**REVISION**: *You may limit the period to five years.*

24.   Your health insurance statements during the last 3 years.

**COMMENT**: *Redact nature of the service and dollar amounts.*

25.   All statements for the last 3 years from any mileage rewards program you or, as applicable, your husband are enrolled in (i.e., frequent flyer rewards, credit card miles reward programs etc.).

**COMMENT**: *Withdrawn.*

26.   All documents concerning your separate or joint use of a device enabling access to fast lane toll booths, such as E-ZPass, during the last 3 years.

27.   All documents concerning the names and addresses of your doctor(s), attorney(s) and/or accountant(s).

**COMMENT**: *Limit to period of seven years.*



October 11, 2012
Page 7

**REVISION**: *You may limit the period to five years and identify doctors by type of specialist (e.g., cardiologist) and address.*

28.    All documents concerning the names and addresses of any rehabilitation centers or physical therapy centers in which you have been a patient or attendee.

**COMMENT**: *Limit to period of seven years.*

**REVISION**: *You may limit the period to five years.*

29.    All documents concerning the names and addresses of any agents you have designated to act on your behalf for any purpose whatsoever during any portion or entirety of the last 5 years.

**COMMENT**: *Withdrawn.*

30.    All documents concerning the names and addresses of the pharmacies you have utilized in the last 3 years.

Unless you advise me otherwise, I will assume that this letter accurately memorializes our conversation on October 8, 2012.  As we discussed, please let me know when Mrs. Weissman will be available for her deposition after November 2, 2012.

Very truly yours,

Stewart I. Edelstein

SIE/emb