# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

AMITY PARTNERS,

        Plaintiff,

  v.

WOODBRIDGE ASSOCIATES, LIMITED
PARTNERSHIP, MONQIDH M. AL-
SAWWAF, M.D., and WOODBRIDGE
ASSOCIATES, INC.,

        Defendant.

3:12-CV-00652 (CSH)

## ORDER

**HAIGHT**, Senior District Judge:

The case is before the Court on Plaintiff's motion to remand the case to the Connecticut court from which Defendants removed it, on the asserted jurisdictional basis of diversity of citizenship. *See* [Doc. 9].

The most recent submissions of the parties show that the propriety of that removal depends upon the citizenship of Betty Weissman, a general partner in Plaintiff Amity Partners, at the time the action was commenced. This action was removed to federal court on May 1, 2012, *see* [Doc. 1], under the assertion that this Court possesses subject matter jurisdiction due to complete diversity among the parties. *See id.* Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," as is the case here, "and is between ... citizens of different States,"

1

or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a) and (a)(1)-(a)(2).   As the United States Supreme Court has stated, a individual who is legally an American citizen but who is domiciled abroad is considered "stateless" for purposes of diversity jurisdiction; consequently in such a circumstance, subsection 1332 cannot be satisfied and diversity jurisdiction is not present.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.  The problem in this case is that [the party in question], although a United States citizen, has no domicile in any State.  He is therefore 'stateless'....").

Thus if a member of a partnership is a United States citizen domiciled abroad, there can be no diversity of jurisdiction because the member is neither a citizen of a state nor a citizen of a foreign country.  *See, e.g., Herrick Co., Inc. v. SCS Communications, Inc.,* 251 F.3d 315, 322 (2d Cir. 2001) (holding that if the defendant partnership "ha[d] among its partners any U.S. citizens who [were] domiciled aborad, then [it] and [the plaintiff] ... [were] non-diverse."); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183 (3d Cir. 2008) (stating that "[a]n American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore [is] 'stateless' for purposes of diversity jurisdiction" and, as such, "cannot be sued (or sue) in federal court based on diversity jurisdiction as [he or she] is neither [a] 'citizen[] of a State,' nor [a] 'citizen[] or subject[] of a foreign state.") (citations omitted);  *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990).  As the Seventh Circuit stated a decade ago, if one partner within a partnership "is a U.S. citizen domiciled in Canada," as Plaintiff contends is the case with respect to Mrs. Weissman, "she has no state citizenship, so the diversity jurisdiction is unavailable." *ISI Intern., Inc.*

*v. Borden Ladner Gervais LLP*, 316 F.3d 721, 733 (7th Cir. 2003).

Accordingly, if Mrs. Weissman – who legally holds American citizenship – was a citizen of Canada at the time relevant to this lawsuit, as Plaintiff contends, she was for purposes of diversity analysis a stateless person, and this Court does not have diversity jurisdiction.  If Mrs. Weissman was a citizen of the State of Florida at the relevant time, as Defendants contend, diversity jurisdiction exists.  That question in turn depends upon Mrs. Weissman's place of domicile, since for diversity purposes an individual's citizenship depends upon domicile, not residence.  At any given time an individual may have more than one residence, but he or she can in law have only one domicile.  I note that the differences between a domicile and a residence are straightforward.  "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning."  *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom."  *Martinez v. Bynum*, 461 U.S. at 331.  A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time.  *Id.*  The rest for an individual's residency is thus significantly less stringent than the "more rigorous domicile test," *id.*, and "one can *reside* in one place but be *domiciled* in another" for jurisdictional purposes.  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (emphasis added) (citations omitted).

I am satisfied by the corrected and properly verified affidavit of Betty Weissman, [Doc. 56], that at the pertinent time her place of domicile was Canada, not Florida.  She swears that she is 88 years old; she has been a legal permanent resident of Canada for over 30 years, and "domiciled in

Montreal, Quebec, Canada" for more than 30 years; she moved from New York to Canada more than 30 years ago, and resides in Canada more than 9 months of each year; her home is in Canada and her son resides in Canada; she pays Canadian taxes, receives a credit against her United States taxes pursuant to the U.S.-Canada Income Tax Treaty, and is treated by the United States government as a permanent resident of Montreal; Canadian immigration authorities have granted her permanent residency status  which she renews every five years; and her son, who also lives in Montreal, runs the family business she started with her late husband (who is buried in Montreal), assists in her financial affairs and reviews all her financial dealings.  [Doc. 56] at 4-7.  Mrs. Weissman avers further that her Florida residence, a condominium, is her winter vacation home; she returns to Canada each time she leaves Florida, and has never resided in Florida continuously for a 6 month period.  *Id.*

Defendants, seeking to preserve their removal of the action, have taken Mrs. Weissman's deposition and in an opposing brief [Doc. 46] and a sur-reply brief [Doc. 55] collect and describe the various indicia of residence in Florida that Mrs. Weissman and her late husband generated or amassed over the years of their wintering in that warmer clime, away from the seasonal Canadian snows.  I have carefully reviewed these filings and contentions.  However, such indicia, separately or collectively, are quite insufficient to constitute Florida as Mrs. Weissman's *domicile*: Canada is clearly her domicile.  It follows that subject matter jurisdiction based on diversity of citizenship cannot be established in this case.

Plaintiff's motion to remand the case to the Connecticut court from which it was removed is GRANTED.  This Order of Remand is without prejudice to the merits of the case.  The Clerk of this Court, following accomplishment of the remand, is directed to close the file.

4

It is SO ORDERED.

Dated: New Haven, Connecticut
       November 20, 2013

                                    /s/ Charles S. Haight, Jr.
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge